IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 8:21-cv-02322-PX |
| | * | |
| WIRE TO WATER ELECTRIC OF NEW YORK, INC. | * | |
| | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court in this ERISA case is Plaintiff Trustees of the National Electrical Benefit Fund ("Plaintiff")'s motion for default judgment. Although Defendant Wire to Water Electric of New York, Inc. ("Defendant") was properly served, it has not answered or otherwise responded to the Complaint. Finding no hearing necessary, *see* D. Md. Loc. R. 105.6, the Court GRANTS Plaintiff's motion.

**I.   BACKGROUND**

The following Complaint facts are accepted as true. Plaintiff is a fiduciary of the National Electrical Benefit Fund ("NEBF"), which is an "employee pension benefit plan" as the term is defined in 29 U.S.C. § 1002(2)(A). Defendant, an employer engaged in an industry affecting commerce under ERISA, has entered into collective bargaining agreements that require Defendant to make contributions to the NEBF on behalf of its members who are covered by the agreements. *See* ECF No. 1 ¶¶ 5–6. Specifically, Defendant is bound by the terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "NEBF Trust Agreement"). *Id.* ¶ 7. But according Defendant's own reports, it has failed to make all of its required contributions to the NEBF. The delinquent payments total

$22,385.06.  *Id.* ¶ 9.

Plaintiff brought this action on September 10, 2021, seeking to recover contributions and liquidated damages due and unpaid under the terms of the collective bargaining agreement and NBEF Trust Agreement, plus accrued interest, costs, and attorneys' fees.  *See* ECF No. 1.  Plaintiff properly served Defendant on October 7, 2021 (ECF No. 4), but Defendant has failed to defend in this action.  Plaintiff moved simultaneously for entry of default and default judgment on November 17, 2021 (ECF Nos. 5 & 6), and the Clerk entered default on November 18, 2021 (ECF No. 7).

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party.  Fed. R. Civ. P. 55(b)(2).  Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party," *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).  In deciding whether to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Balt. Line Handling Co. v.*

2

*Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011).  Accordingly, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment.  *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g., Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If the Complaint avers sufficient facts from which the court may find liability, the Court next turns to damages.  *See Ryan*, 253 F.3d at 780–81.  Damages are circumscribed by that which is requested in the complaint.  *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").  The damages request must be supported by evidence introduced either at a hearing or by affidavit or other records.  *See id.*; *see also Lawbaugh*, 359 F. Supp. 2d at 422.

### III.   ANALYSIS

#### A.   Liability

The Employee Retirement Income Security Act of 1974 ("ERISA") requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145; *see also* 29 U.S.C. § 1132(g) (providing that employers who fail to timely make contributions are liable in a civil action for, among other things, unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs of the action).  ERISA therefore "provide[s] trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions."  *Int'l Painters &*

*Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685–86 (D. Md. 2013) (quoting *Laborers Health & Welfare Trust Fund for Northern Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 541 (1988)).  Further, the United States Court of Appeals for the Fourth Circuit has found that "a multiemployer plan can enforce, as written, the contribution requirements found in the controlling documents." *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. 1997).

Taking Plaintiff's well-pleaded facts in the Complaint as true, Plaintiff has established that Defendant was required to make employer contributions to the NEBF trust.  *See* ECF No. 1 ¶¶ 4, 6–10.  Plaintiff also established that Defendant failed to make such contributions, in violation of 29 U.S.C. § 1145.  *See id.* ¶ 9.  Defendant is thus liable for the payment of amounts owed to the NEBF.  Because Defendant has failed to participate in this litigation, default judgment is warranted.

**B.      Damages**

Plaintiff may collect as damages (1) the amount of the delinquent contributions; (2) liquidated damages assessed on the late contributions; (3) interest at the rate provided in 29 U.S.C. § 1132(g); and (4) attorneys' fees and costs.  *See* 29 U.S.C. § 1132(g).  In support of its damages request, Plaintiff submits an affidavit of the NEBF's Contribution Compliance Manager, Brian Killian (ECF No. 6-2 at 1–4); the relevant provision of the collective bargaining agreements (ECF No. 6-2 at 2); the NEBF Trust Agreement (ECF No. 6-2 at 6–13); and NEBF's delinquency report (ECF No. 6-2 at 15).  Regarding attorney's fees and costs, Plaintiff submits the affidavit of Jennifer Bush Hawkins ("Ms. Hawkins"), the attorney assigned to this case.  ECF No. 6-1.  Because this evidence is sufficient for the Court to ascertain allowable damages and

because the requested amounts are consistent with the damages sought in the Complaint, the Court will award damages without a hearing.

According to Defendant's self-reported analysis of delinquent payments, Defendant owes $22,385.06 in outstanding contributions. *See* ECF No. 1 ¶ 9; ECF No. 6-2 at 15. Additionally, Section 6.9.2 of the NEBF Trust Agreement provides for liquidated damages in the amount of 20% of the outstanding contributions. *See* ECF No. 6-2 at 12. Plaintiff is thus entitled to $4,477.01, which represents 20% of the outstanding contributions. Plaintiff is also entitled to interest on those unpaid contributions. Interest is "determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26." 29 U.S.C. § 1132(g). Under Section 6.9.3 of the NEBF Trust Agreement (ECF No. 6-2 at 12), an annual interest rate of 10%, compounded monthly, is assessed on any outstanding contributions and awarded to Plaintiff. Through November 2021, this interest totals $3,240.54. *See* ECF No. 6-2 at 15. The Court awards this interest plus interest accrued from December 2021 until the date of payment. *See* 29 U.S.C. § 1132(g)(2)(B).[1]

Lastly, Plaintiff is entitled to attorneys' fees and costs pursuant to the NEBF Trust Agreement. *See* ECF No. 6-2 at 12. The Court considers the reasonableness of attorneys' fees under Appendix B to this Court's Local Rules and the following factors: (1) the professional time and labor invested; (2) the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (3) the likelihood, if apparent to the client, that the lawyer's acceptance of the particular engagement will preclude other employment; (4) the fee

---

[1] Although the damages sought are greater than the amounts pleaded in the Complaint, the award is nonetheless appropriate under Federal Rule of Civil Procedure 54(c). *See Trs. of Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-17-0449, 2017 WL 4898264, at *5 (D. Md. Oct. 27, 2017); *see also Trustees of Nat'l Automatic Sprinkler Indust. Welfare Fund v. First Responder Fire Prot. Corp.*, No. GJH-16-4000, 2017 WL 3475678, at *2 (D. Md. Aug. 11, 2017) ("Defendant is fairly regarded to be on notice of the subsequent increase due to the continuing obligations to make contributions to the Funds under the applicable collective bargaining agreements.").

customarily charged in the locality for similar legal services; (5) the amount in controversy and the results obtained; (6) the time limitations imposed by the client or by the circumstances; (7) the nature and length of the professional relationship with the client; (8) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (9) whether the fee is fixed or contingent. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *see also* D. Md. Loc. R., App. B.

Ms. Hawkins is a member of the Washington, D.C. law firm Potts-Dupre, Hawkins & Kramer, Chtd. and has practiced law since 1994. ECF No. 6-1 at 3. Ms. Hawkins charged an hourly rate of $445.00 in connection with this matter. *Id.* Paralegal Caroline Lippie also worked on this matter at an hourly rate of $145.00. *Id.* These rates fall within the presumptively reasonable ranges established by this Court's Local Rules. *See* D. Md. Loc. R., App. B (providing a range of $300 to $475 per hour that attorneys admitted to the bar for 20 or more years, and a range of $95 to $150 per hour for paralegals and law clerks). The submitted billing evidence (ECF No. 6-1 at 4–5) further reflects that Ms. Hawkins worked 2.2 hours and Ms. Lippie worked 6.4 hours on this matter, which appear reasonable. The lodestar calculation (reasonable hourly rate multiplied by hours of work performed) thus supports the requested award of $1,907.00 in attorneys' fees. *See* ECF No. 6-1 at 5. The record also supports Plaintiff's request for $1,434.00 in legal costs,[2] which comprises the $804.00 in filing fees and $630.00 in process server fees. *Id.* ¶ 9; *id.* at 9 (process server invoice). The Court accordingly grants Plaintiff's request for a total of $1,907.00 in attorneys' fees and $1,434.00 in costs.

---

[2] Although Plaintiff requests an award of $1,464.00 in costs, the invoices attached to the motion for default judgment support an award of $1,434.00 in costs. *See* ECF No. 6-1 at 28–30.

## IV.  CONCLUSION

Plaintiff's motion for default judgment is GRANTED.  Plaintiff is entitled to judgment in the amount of $33,443.61 for unpaid contributions, liquidated damages, interest, and attorneys' fees and costs, plus additional contributions, liquidated damages, costs, interest, and reasonable attorneys' fees that became due from the date this action was filed and through the date of judgment.

A separate Order follows.

| | |
|---|---|
| February 18, 2022 | /s/ |
| Date | Paula Xinis |
| | United States District Judge |